UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-5828-SB (KS)                                                           Date: August 23, 2022

Title   *James Anthony Gonzales v. The People Of The State Of California*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Petitioner: N/A          Attorneys Present for Respondent: N/A

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On August 16, 2022, James Anthony Gonzales ("Petitioner"), a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. No. 1.)[1]

### I.    Background

Petitioner is in custody after his November 22, 2019 no contest plea to two counts of a lewd act upon a child under the age of fourteen (Cal. Penal Code § 288(a)) and one count of possession of child pornography (Cal. Penal Code § 311.11(a)) in the Los Angeles Superior Court. (Petition at 2, 56.) Petitioner was sentenced on January 7, 2020, to a term of imprisonment of ten years and eight months. (*Id.* at 2.) Petitioner filed no direct appeal. (*See People v. Gonzales*, No. YA099634, *case docket available at* https://www.lacourt.org/criminalcasesummary/ui/ ("Trial Court Docket") (last visited Aug. 23, 2022).)[2]

On or around July 26, 2021, Petitioner filed a petition for habeas relief in state court. (Petition at 49; *see also* Trial Court Docket.) On September 7, 2021, Petitioner filed a second

---

[1]   For ease of reference, the Court cites to the page numbers assigned by the Court's electronic case filing system.

[2]   Federal courts may take judicial notice of relevant state court records in federal habeas proceedings. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2001), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Williams v. Jacquez*, No. CV 9-2703-DSF (DTB), 2010 WL 1329585, at *2 (C.D. Cal. Feb. 22, 2010) (taking judicial notice in § 2254 habeas case of California state court appellate records), *report and recommendation adopted*, 2010 WL 1329447 (C.D. Cal. Apr. 5, 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-5828-SB (KS)                                                                 Date: August 23, 2022

Title   <u>James Anthony Gonzales v. The People Of The State Of California</u>

petition for habeas relief alleging a violation of his right to a speedy trial and prosecutorial misconduct in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). (Petition at 49; *see also* Trial Court Docket.)  On October 22, 2021, Petitioner filed another petition for habeas relief in state court raising the following grounds: (1) due process violation under *Brady*, 373 U.S. 83; (2) ineffective assistance of counsel; (3) prosecutorial misconduct; (4) factual innocence; and (5) due process violation. (Petition at 3-4; *see also* Trial Court Docket.)  On April 11, 2022, the California state court denied Petitioner's September 7, 2021 habeas petition. (Petition at 4, 49-50.)

Petitioner filed a notice of appeal in the Court of Appeal of the State of California, Second Appellate District on April 19, 2022, appealing the state court's order denying his September 7, 2021 habeas petition. (*Id.* at 4, 55, 56.)  On July 7, 2022, the state appellate court dismissed Petitioner's appeal. (*Id.* at 4, 56; *see also People v. Gonzales*, No. B320010 (Cal. Ct. App. Apr. 19, 2022), *available at* https://appellatecases.courtinfo.ca.gov ("In cases not involving judgments of death (Pen. Code, § 1509), '[n]o appeal lies by a defendant from an order of the superior court denying a writ of habeas corpus. . . . The attempted appeal therefrom must be dismissed.' (*People v. Ryan* (1953) 118 Cal.App.2d 144, 149; *accord*, *People v. Gallardo* (2000) 77 Cal.App.4th 971, 983.)") (last visited Aug. 23, 2022).)

There is no record of a state habeas petition having been filed by Petitioner in the California Supreme Court.  Furthermore, Petitioner concedes that he did not file a petition for review with the California Supreme Court or a petition for certiorari in the United States Supreme Court. (Petition at 3, 5.)

Petitioner, in this Court, raises the following claims: (1) due process violation under *Brady*, 373 U.S. 83; (2) ineffective assistance of counsel; (3) factual innocence; and (4) failure to grant Petitioner's request for an evidentiary hearing. (*Id.* at 5-8.)  None of these claims were raised on direct appeal or presented to the California Supreme Court.

**II.    Legal Standard**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires the Court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Thus, Rule 4 reflects Congress's intent for the district courts to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-5828-SB (KS)                                                                  Date: August 23, 2022

Title   *James Anthony Gonzales v. The People Of The State Of California*

take an active role in summarily disposing of facially defective habeas petitions. *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998); *see also* 28 U.S.C. § 2243 (if it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss the action without ordering service on the requested party). However, a district court's use of this summary dismissal power is not without limits. *Boyd*, 147 F.3d at 1128. To the contrary, a habeas court must give a petitioner notice of the defect and the consequences for failing to correct it as well as an opportunity to respond to the argument for dismissal. *Id.* Accordingly, **this Order is intended to give Petitioner notice that the Petition is subject to dismissal because the claims therein appear to be unexhausted. To discharge this Order and avoid dismissal, Petitioner, no later than Tuesday, September 13, 2022, must file a First Amended Petition showing that the claims raised are exhausted.**

### III. The Petition is Unexhausted

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). Thus, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs this action, explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

To satisfy AEDPA's exhaustion requirement, a state prisoner must "fairly present" his federal claims to the state courts; that is, give them a fair opportunity to consider and correct violations of the prisoner's federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). In California, a state prisoner seeking relief with respect to a California conviction is required to "fairly present" his federal claims to the California Supreme Court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review); *Keating v. Hood*, 133 F.3d 1240, 1242 (9th Cir. 1998).

/ /
/ /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-5828-SB (KS)                                                                  Date: August 23, 2022

Title   *James Anthony Gonzales v. The People Of The State Of California*

     Here, it appears that Petitioner has not presented his current claims to the California Supreme Court. He filed no direct appeal and there is no record of him filing any habeas petition in the California Supreme Court. Moreover, Petitioner acknowledges that he has not raised his claims to the California Supreme Court (Petition at 5-6); states, "All grounds not presented" (*id.* at 7); and indicates that he does not have any petitions pending at this time (*id.* at 8). Consequently, the Petition is subject to dismissal as wholly unexhausted. *Rose*, 455 U.S. at 510, 521.

     **IV.**   **Conclusion and Order**

     In the interests of justice, **Petitioner is ORDERED TO SHOW CAUSE on or before Tuesday, September 13, 2022 why the Petition should not be dismissed**—that is, Petitioner must file, no later than **September 13, 2022**, a First Amended Petition for Writ of Habeas Corpus establishing that the claims therein are fully exhausted because Petitioner presented them to the California Supreme Court.

     Petitioner's failure to timely show cause for proceeding with this action will result in the Court recommending dismissal pursuant to Rule 4 of the Habeas Rules, Local Rule 41-1, and Rule 41 of the Federal Rules of Civil Procedure.

     **Alternatively, if Petitioner no longer wishes to pursue this action, he may voluntarily dismiss it by filing a signed document entitled "Notice of Voluntary Dismissal" in accordance with Federal Rule of Civil Procedure 41(a)(1).**

     The Clerk is directed to send Petitioner a copy of the Central District's form habeas petition and a copy of the Central District's form Notice of Voluntary Dismissal.

     **IT IS SO ORDERED.**

:
**Initials of Preparer**   gr